TREASURE STATE SALES, Plaintiff and Appellant, *v.* CITY OF KALISPELL, NORMA E. HARP, Mayor of Kalispell, Defendants and Respondents.

No. 14061.
Submitted June 9, 1978.
Decided June 28, 1978.
580 P.2d 1383.

Robert J. Campbell argued, Missoula, for plaintiff and appellant.

Norbert F. Donahue argued, Kalispéll, for defendants and respondents.

MR. JUSTICE DALY delivered the opinion of the Court.

Plaintiff Treasure State Sales appeals from a final judgment of the District Court, Flathead County, which held its movie

machines to be theaters and requiring them to be individually registered under Kalispell's City Code, § 15-11.

Plaintiff is a Montana corporation operating businesses in various cities. Each business is called "The Adult Shop." In these shops there are coin operated movie machine, each machine is surrounded by a one person booth in which the observer pays, minute by minute.

In July 1977, plaintiff corporation purchased a building within the city limits of Kalispell, Montana, to open "The Adult Shop." On these premises it installed 15 booths each containing an individual coin operated movie machine similar to the old time nickelodeons. About two weeks after opening its business, the city of Kalispell informed plaintiff the amusement machines were going to be considered as individual theaters and as such would require 15 individual theater licenses to operate and further that such licenses would be denied. After this interpretation was upheld by the Kalispell City Council, plaintiff filed a declaratory judgment action in the District Court, Flathead County, requesting that such booths and machines be declared not to be theaters. After receiving an adverse decision by the District Court, plaintiff appealed.

The only issue submitted to this Court on appeal is whether the booths which contain individual coin operated movie machines require licensing as a "theater".

At the outset is is contended that this licensing controversy appears to be a subterfuge for eliminating "The Adult Shop" from the community. If such be the case, the licensing statutes are not available for that purpose and if "The Adult Shop" is objectionable to the community on other grounds the statutes relating to those grounds must be followed.

In the instant case the Kalispell ordinance the city seeks to license these machines under, states:

"KALISPELL CITY CODE, SECT. 15-11 MOVING PICTURE THEATRE. The owner or operator of every moving picture theater in the city shall pay to the City Treasurer a license fee of Twenty-Five Dollars per year." (Enacted in 1922.)

Absent any definition of "theater" in the ordinance, under state statute or before this Court, it is necessary to examine the accepted authorities defining the term as it is commonly used.

In Webster's New International Dictionary, Unabridged, (2d Edition, 1961), p. 2617, "theater" is defined in part as:

"1. An edifice for dramatice performances of spectacles . . . Modern theaters have two main parts: (1) the auditorium, balconies, tiers of boxes flanking the proscenium arch, with the entrance corridors, lobbies, foyer, etc.; (2) the state, with its side wings and flies, and with dressing rooms, etc., for the actors."

In Black's Law Dictionary, page 1647 (4th Ed. 1968), "theater" is defined as:

"Any edifice used for the purpose of *dramatic* or operatic or other representations, plays, or *performances, for admission to which entrance money is received,* not including halls rented or used occasionally for concerts or theatrical representations." (Emphasis supplied.)

4 Am.Jur.2d Amusements and Exhibitions, § 2, p. 122, defines a "theater" as:

"* * * Standard authorities define it as a building specially adapted to dramatic, operatic, or spectacular representations; a playhouse, or a room, hall, or other place so arranged that a *body of spectators can have an unobstructed view of the platform.* * * * This is also its primary significance in modern times * * *" (Emphasis supplied.)

■ The Maryland Court of Appeals in 1971 decided the question of whether such booths with movie projectors constituted a theater. The Maryland case was not a licensing case, such as the instant one, but was instead a building permit construction case. However, the pivotal issue was identical. The Maryland Court in *Department of Housing & Community Development, City of Baltimore v. Ellwest Stereo Theater Inc. of Maryland* (1971), 263 Md. 678, 284 A.2d 406, reviewed the accepted definition of the term "theater" and held that the individual machines could not be

properly classified as a "theater" under any commonly accepted use of the term.

We approve the definitions and the holding of the Maryland Court in the cited case.

The judgment of the District Court is reversed with instructions to enter judgment in conformity with this Opinion.

MR. CHIEF JUSTICE HASWELL, JUSTICES HARRISON and SHEEHY concur.